UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FILIBERTO PORRAS GUZMAN, ET AL., | Case No.: C 11-1469 PSG |
| Plaintiffs, | **ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING CASE** |
| v. | |
| GOLDMAN AND ASSOCIATES, LLC, ET AL., | |
| Defendants. | |

Now before the court is Defendant Goldman and Associates, LLC's ("Goldman") motion to compel arbitration and to dismiss or to stay the proceedings. Plaintiffs Filiberto Porras Guzman ("Guzman") and Jorge Hernandez ("Hernandez") filed no opposition to the motion. Plaintiff Luis Montoya ("Montoya") filed an opposition only with respect to evaluating a settlement of his Fair Labor Standards Act ("FLSA") claim. For the reasons set forth below, Goldman's motion to compel arbitration is GRANTED and the case is STAYED.

**I. BACKGROUND**

From June 27, 2006 to April 23, 2010, Plaintiff Louis Montoya ("Montoya") was employed by Goldman. On September 5, 2008, Montoya received a copy of Goldman's Mutual Arbitration Policy ("MAP") and signed an Employee Agreement to Arbitrate ("Agreement") stating in relevant part,

1

Case No.: 11-1469
ORDER

"I agree that it is my obligation to make use of the MAP and to submit to final and binding arbitration any and all claims and disputes, whether they exist now or arise in the future, that are related in any way to my employment or the termination of my employment with the Company except as otherwise permitted by the MAP. I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against [Goldman] . . . and that, by agreeing to use arbitration to resolve my dispute, but the Company and I agree to forego any right we each may have had to a jury trial on issues covered by the MAP."[1]

On April 23, 2010, Goldman fired Montoya. On that same day, Montoya signed a Separation Agreement and General Release ("Release"), which included severance benefits, a general release of claims against Goldman, and a further agreement to resolve any dispute arising under the Release or unreleased claims through arbitration.

Instead of submitting Plaintiffs' claims to arbitration, however, Plaintiffs filed this action alleging wage and hour violations under the FLSA and California Labor Code. On May 16, 2011, Goldman filed this motion to compel arbitration and to dismiss the action or to stay the action. On May 20, 2011, Plaintiffs' counsel offered to stipulate to arbitrate all claims except for the issue of whether the Release is a valid waiver of Montoya's FLSA claim. After that offer was rejected, on May 30, 2011, Montoya filed an opposition to Goldman's motion to compel arbitration only with respect to that single issue.

## II. LEGAL STANDARDS

The Federal Arbitration Act provides that an agreement to submit commercial disputes to arbitration shall be "valid, irrevocable, and enforceable."[2] The FAA further provides that, upon a determination that the parties to a lawsuit have executed a binding arbitration agreement, a district

---

[1] 9/5/08 Employee Agreement to Arbitrate, Defs.' Petition To Compel Arbitration and Dismiss or Stay Action Ex. 2 (Docket No. 5-2). Guzman and Hernandez also received the MAP and signed Agreement on February 8, 2010 and on September 10, 2009, respectively.

[2] 9 U.S.C. § 2.

2
Case No.: 11-1469
ORDER

court shall "direct[ ] the parties to proceed to arbitration in accordance with the terms of the agreement,"[3] and shall "stay the trial of the action until such arbitration has been had."[4]

Congress's purpose in passing the FAA was to put arbitration agreements "upon the same footing as other contracts," thereby "reversing centuries of judicial hostility to arbitration agreements" and allowing the parties to avoid "the costliness and delays of litigation."[5] The Supreme Court has emphasized that the courts should refer a matter for arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[6] In other words, any doubt about the applicability of an arbitration clause must be "resolved in favor of arbitration."[7] Moreover, the courts have emphasized that arbitration is especially preferable in the context of labor controversies.[8]

This preference for arbitration, however, does not mean that federal courts are completely out of the picture altogether once an arbitration clause is invoked. Rather, the Supreme Court has preserved a limited role for the federal courts to play in interpreting arbitration agreements. The court's role under the FAA is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.[9] If the response is affirmative on both counts, then the FAA requires the court to enforce the arbitration agreement in accordance with its terms.

---

[3] *Id.* § 4.

[4] *Id.* § 3.

[5] *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 510-11 (1974).

[6] *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83 (1960).

[7] *Id* at 583.

[8] *See John Wiley & Sons v. Livingston,* 376 U.S. 543, 549 (1964) (noting "the central role of arbitration in effectuating national labor policy"); *see also Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 861 (9th Cir. 1979) (describing "a strong policy favoring arbitration of labor disputes").

[9] *See Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

3
Case No.: 11-1469
ORDER

## III. DISCUSSION

Montoya argues that the FLSA prevents "the court from ordering the parties to arbitrate the sufficiency of the [R]elease"[10] because an employee's claims under the FLSA may not be settled without supervision of either the Secretary of Labor or a district court.[11] Montoya further argues that if the arbitrator found the Release to be a valid settlement, then the district court, not the arbitrator, must evaluate the fairness of the Release.

Goldman's briefs do not address the specific issue of whether an agreement to arbitrate can be valid as it purports to cover the approval of a settlement of FLSA claims without district court or Secretary of Labor supervision. At the hearing, Goldman argued that arbitration could result in any number of outcomes. Thus, Goldman argued, the court should not premise its order to compel arbitration on mere speculation that a settlement *could* result or that the arbitrator *might* determine that the Release constitutes an already-agreed-upon settlement.

The possibility of a settlement exists in any FLSA case that is the subject of a motion to compel arbitration. Montoya, however, has not pointed to a single such case indicating that a court is required to carve out an exception for evaluating the fairness of any possible settlement. Indeed, some courts in this circuit have compelled arbitration of FLSA claims without any explicit

---

[10] 5/30/11 Partial Opposition to Motion To Arbitrate (Docket No. 14) at 3:10-11. What Montoya means when he opposes "the sufficiency of the [R]elease" is not immediately clear. This language could encompass a number of disputes about the enforceability of the Release, such as Montoya's argument that he signed it under duress. Montoya's brief, however, only addresses the court's responsibility to hold a fairness hearing to evaluate a proposed settlement. Thus, the court interprets Montoya's opposition to pertain only to whether a settlement is fair, which is a distinct issue from whether an agreement containing settlement language is a valid contract.

[11] *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (finding that there are only two ways in which FLSA claims can be settled or compromised by employees: the Secretary of Labor can supervise payment of the unpaid wages owed the employee, or the district court in which a private action is pending can enter a stipulated judgment); *Almodova v. City & County of Honolulu*, CV 07-00378DAE-LEK, 2010 WL 1372298 (D. Haw. Mar. 31, 2010) *report and recommendation adopted*, CIV.0700378-DAE-LEK, 2010 WL 1644971 (D. Haw. Apr. 20, 2010) ("The Ninth Circuit Court of Appeals has never addressed the approval of FLSA settlements, but all the district courts within the Ninth Circuit to address the issue appear to follow *Lynn's Food*."); *Zhou v. Wang's Restaurant,* No. 05-0279 PVT, 2006 WL 3258984, at *1-2 (N.D. Cal. Nov. 09, 2006).

reservation regarding a possible settlement.[12]  Additionally, even when no such reservation is included in an order compelling arbitration, courts have still been able to review any subsequent settlement for fairness.[13]  When deciding whether to stay or to dismiss an FLSA action pending arbitration, however, some courts have cited the possibility that the court might be called upon to review a settlement for fairness in favor of a stay being more appropriate.[14]

The parties have not proposed a settlement for the court to review for fairness—to the contrary, Montoya argues that the Release is not a valid contract—and may never propose a settlement.  Montoya's argument is thus based on mere speculation that the arbitrator *might* issue an award that Montoya argues *might* be contrary to law and that *might* exceed the arbitrator's powers.  Plaintiffs have not raised any other challenge to the validity of the arbitration requirement in the Agreement or the scope of the Agreement as it pertains to their claims.

In sum, Goldman has shown that a valid agreement to arbitrate exists and that it encompasses Plaintiffs' claims.  Accordingly,

IT IS HEREBY ORDERED that the motion to compel arbitration is GRANTED.  The parties shall submit Plaintiffs' claims to arbitration.

---

[12] *See, e.g., Barragan v. Washington Mut. Bank*, No. C0601646CRB, 2006 WL 2479125 (N.D. Cal. Aug. 28, 2006) (compelling arbitration of FLSA claims without specific reservation regarding settlement); *Coughlin v. Shimizu America Corp.*, 991 F. Supp. 1226 (D. Or. 1998) (same); *but see*, *Powell v. Carey International, Inc.*, 558 F. Supp. 2d 1265, 1268 (S.D. Fla. 2008) (specifically retaining jurisdiction to approve any settlement reached in arbitration when compelling arbitration).

[13] *See, e.g., Walker v. U.S. Title Loans, Inc.*, No. 2:10-CV-428-WC, 2011 WL 1789976 (M.D. Ala. May 10, 2011) (evaluating the fairness of a settlement reached after the parties were compelled to arbitrate); *Bankhead v. WRP Enterprises, Inc.*, 6:07-cv-643-Orl-19GJK, 2008 WL 4372845, at *2 (M.D. Fla. Sep. 24, 2008) (involving a proposed settlement reached by parties after arbitration was compelled and finding that the court had erred by dismissing the case upon notice of the settlement without first reviewing the compromise for fairness).

[14] *See, e.g., Slawienki v. Nephron Pharma, Corp.*, No. 1:10-CV-0460-JEC, 2010 WL 5186622, at *3 (N.D. Ga. Dec. 9, 2010) (citing, in support of its determination that a stay is more appropriate, the fact that an FLSA claim can only be settled under the supervision of the Secretary of Labor or the approval of the court after scrutinizing the settlement for fairness).

Case No.: 11-1469
ORDER

1    IT IS FURTHER ORDERED that the motion to stay is GRANTED, and the motion to
2 dismiss is DENIED.  The parties shall submit joint status updates on September 20, 2011 and every
3 90 days thereafter until the stay is removed.
4 Dated: Juen 22, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-1469
ORDER